BRAZILE et al. v. BLAYLOCK et al. †
(No. 5458.)

(Court of Civil Appeals of Texas. Austin.
April 28, 1915. Rehearing Denied
May 26, 1915.)

EVIDENCE ⬤≈370 — DOCUMENTARY EVIDENCE
—DEEDS—ADMISSION OF EXECUTION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1829, providing that any fact specially pleaded as a defense that is not denied by the plaintiff shall be taken as confessed, plaintiff cannot object to the introduction in evidence of deeds under which defendant claims title, because of defects in their execution, where his supplemental petition admitted the execution of the deeds and he himself had introduced them in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1538, 1559, 1560, 1562–1578, 1592; Dec. Dig. ⬤≈370.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Trespass to try title by Mary Ella Brazile and another against L. L. Blaylock and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

A. W. Dycus, of Port Arthur, and M. G. Cox, of Cameron, for appellants. John Watson and W. A. Morrison, both of Cameron, for appellees.

RICE, J. Mary Ella Brazile, joined by her husband, Jesse B. Brazile, brought this suit in the district court of said county against L. L. Blaylock, of said county, and Emma F.

Booker and husband, D. A. Booker, of Cumberland, Me., on the 8th of March, 1911, in trespass to try title, for title and possession of 100 acres of land situated in Milam county, out of the Jas. McLaughlin league, described by metes and bounds, and for annual rentals, amounting to $250 per year, since the date of their alleged eviction, which occurred March 6, 1907.

Appellees answered by general and special exceptions, plea of not guilty, statute of three years limitation as to title and two years as to rent, and by special plea to the effect that on January 18, 1902, appellants, Brazile and wife, executed a deed of trust to W. F. Crawford, trustee, on said land, to secure Mrs. Emma F. Booker in the payment of a note for $750, together with interest thereon, bearing even date with said deed of trust, due and payable on the 1st of January, 1907; that said deed of trust contained a stipulation authorizing the sale of said land by said trustee in default of payment of said note upon maturity, with authority to make the purchaser a good and perfect title thereto; it also contained a provision granting authority to Mrs. Booker to appoint a substitute trustee, in the event of failure or refusal on the part of said trustee to act; that Crawford died before maturity of said note; that after the death of said Crawford, and after maturity of said note, which was not paid, the said Mrs. Booker, the owner thereof, by virtue of the authority vested in her, joined by her husband, did on the 30th of January, 1907, by an instrument of writing, duly appoint John Watson substitute trustee, who thereafter duly advertised and sold said land on the 5th of March, 1907, to the said Mrs. Emma Booker, she being the highest and best bidder therefor, to whom he duly executed his deed of conveyance for said land, which instrument was duly recorded, and that thereafter, to wit, on the 18th of October, 1907, the said Mrs. Emma Booker, joined by her husband, conveyed said land to L. L. Blaylock, which deed was placed of record, whereby he became and is the lawful owner of said land, and was such owner at the time this suit was instituted, for which reason, it is claimed, plaintiffs are not entitled to recover.

In answer to the above, appellants filed a supplemental petition, containing, first, a general demurrer and special exception, and, specially answering, admitted the execution of the deed of trust as alleged, together with the sale of the land thereunder and the purchase of the same by Mrs. Emma F. Booker, who, together with her husband, conveyed the same to Blaylock, and, further, by special plea to the effect that the land in question at the time of the execution of said deed of trust thereon was their homestead, and was then being used by them as such, wherefore, defendants' deed of trust and sale thereunder were null and void and of no effect.

---

⬤≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error pending in Supreme Court.

Appellees filed their first supplemental answer, supplementary to their second amended original answer, and in reply to plaintiffs' supplemental petition specially denied that said land was the homestead of appellants at the time of the execution of said deed of trust or sale thereunder, but alleged that long before the execution thereof said appellants had abandoned said land as their homestead, with fixed and avowed intention of not returning thereto, and that at the time of the execution of said deed of trust they had acquired another and different homestead in the town of Rosebud, Falls county, where they were then living, and continued to occupy same for many years thereafter. Appellee Blaylock further alleged that before he purchased said land he made diligent inquiry as to any claim or right that appellants, or either of them, might have therein, and found that they and each of them had, long before such time, openly abandoned such premises as their homestead, and that the same was so abandoned prior to the execution of said deed of trust, and had repeatedly made statements to such effect, claiming that their homestead was then in the town of Rosebud, Falls county, where they were then living, and that, relying upon said acts, conduct, and statements, he purchased said land, paying a valuable consideration therefor, wherefore plaintiffs are estopped from claiming any interest therein. He further pleaded improvements in good faith.

There was a nonjury trial, resulting in a judgment for appellees, from which appellants have prosecuted this appeal. The court, at the instance of appellants, filed the following conclusions of fact and law:

"(1) I find that prior to December, 1898, the plaintiffs lived on the land in controversy as their homestead, and that some time in said month of December, 1898, they removed from said premises with their family to the town of Rosebud, in Falls county, Tex., which town was distant about 25 miles from the land in controversy, and that after removing to Rosebud the said plaintiffs purchased a house and lot in said town of Rosebud which was better suited to their convenience and comfort as a homestead than the house on the land in controversy, and that upon the acquisition of the house and lot in Rosebud they moved into the same with their family and lived therein for several years, and that they acquired said property in Rosebud for a homestead and actually resided therein with their family, and that before the execution of the deed of trust to W. F. Crawford, trustee, through which L. L. Blaylock claims title, the said plaintiffs had permanently abandoned the homestead, with the intention never to use the same as a homestead again, and that upon the acquisition of the property in Rosebud they made it their homestead, and it was their homestead, used, occupied, and enjoyed by them for several years, and which they were so using and enjoying at the time of the execution of said deed of·trust.

"(2) I further find that, after removing from the land in controversy, both of the plaintiffs expressed to various parties their intention of never returning to the land in controversy to live, and that such expressions of intention were continually made by said plaintiffs for many years, and were made before the execution of the deed of trust before mentioned, and that the said defendant Blaylock had been informed and knew of such expressions and intentions before he purchased the land in controversy, and that he paid a valuable consideration therefor with the knowledge that said plaintiffs had made such expressions of abandonment.

"(3) I find that the plaintiff, Mary Ella Brazile was in fact the head of the family, and that she controlled and managed the family affairs, and was so recognized as the head of the family, and that her expressions of intention to abandon the land in controversy, and that it had been abandoned as a homestead, were made by her while acting as head of the family, and that the plaintiffs were in accord, and there was no disagreement in reference to them about the abandonment of the land in controversy as a home, and that it was done in good faith, and the new homestead acquired in Rosebud by the mutual efforts of both parties and in an entire accord with one another.

"Conclusions of Law.

"I conclude on the foregoing that the plaintiffs could not have two homesteads at the same time, and that the property acquired in Rosebud was the homestead of the plaintiffs at the time of the execution of the deed of trust to W. F. Crawford as trustee, and that the sale under such deed of trust passed the title to the defendants Booker, and through them to the defendant L. L. Blaylock, and that by reason thereof the plaintiffs are not entitled to recover."

The first four assignments are based upon the contention that the court erred in permitting appellees to offer in evidence, first, the written appointment by Mrs. Booker and husband of John Watson as substitute trustee, and the two deeds from him, as substitute trustee, to Mrs. Emma F. Booker, as well as the deed from the Bookers to Blaylock, on the ground, first, that such written appointment of Watson, as substitute trustee, did not describe the land involved by field notes, nor by reference to any volume and page of any record of any county where description of such land could be found; and, second, because the acknowledgment of the Bookers purported to have been taken before a notary public of Cumberland county, Me., whereas the seal shows it to have been taken before a notary public of Brunswick, Me. The bill shows that such appointment describes the land as:

"A part of the Jas. McLaughlin league, and containing 100 acres as fully set out by metes and bounds in said deed of trust, which is fully described in volume 17, page 78 et seq., to which reference is here made for a more minute description of said land and the indebtedness for which it was given to secure," etc.

It appears, however, that appellants themselves introduced in evidence said written appointment of Watson as substitute trustee, as well as each of the deeds above mentioned, and, in addition thereto, after appellees had pleaded their title, based upon the execution of said deed of trust, reciting the death of Crawford and the appointment of Watson as substitute trustee, as well as the sale by him of the land thereunder to Mrs. Booker, and the sale and conveyance by herself and hus-

band to Blaylock, all of which facts are fully set out in detail, answered, admitting the execution of said deed of trust, as alleged, with power of sale, and that said Emma F. Booker had sale made thereunder, as alleged, and became the purchaser of the lands as alleged, and that L. L. Blaylock purchased from the Bookers, as alleged, etc., which admission was offered in evidence by appellees without objection on the part of appellants.

Such being the state of the record, we think the assignments are not well taken. Certainly appellants, after introducing the deeds themselves, and especially after such admission on their part, cannot be heard to complain of their introduction by appellees; the obvious effect of such admission being the confession of the truth of appellees' allegation of title as pleaded. See article 1829, vol. 2, Vernon's Sayles' Civ. Stats. 1914.

The remaining assignment questions the correctness of the court's finding that the property in question was not the homestead of appellants at the time of the execution of the deed of trust, but that they had abandoned the same and had acquired a homestead in the town of Rosebud, where they were then living. Without undertaking to discuss the facts, we think they are sufficient to sustain the finding on the part of the court in this respect, and overrule this assignment.

Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.